JOHN L. BURRIS ESQ., SBN 69888
BENJAMIN NISENBAUM, ESQ., SBN 222173
JAMES COOK, ESQ., SBN 300212
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
bnisenbaum@hotmail.com
james.cook@johnburrislaw.com

Attorneys for Plaintiff
LILY BEATRIZ CALDERON-HUEZO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILY BEATRIZ CALDERON-HUEZO, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF PLEASANTON, a municipal corporation; ROY GAMEZ, individually and in his capacity as an Sergeant for the PLEASANTON Police Department; BRADLEY MIDDLETON, individually and in his capacity as an officer for the PLEASANTON Police Department; and DOES 1-50, inclusive, individually, jointly and severally, <br><br> Defendants. | CASE NO.: <br><br> COMPLAINT FOR DAMAGES <br> (42 U.S.C §§ 1983, 1988; and pendent tort claims) <br><br> **JURY TRIAL DEMANDED** |

## INTRODUCTION

1.      On November 5, 2016, Pleasanton Police Department Officer, BRADLEY

MIDDLETON, violently beat Plaintiff, LILY BEATRIZ CALDERON-HUEZO, without just cause

or legal provocation.

2.      This civil rights action seeks compensatory and punitive damages from Defendants for violating the Fourth and Fourteenth Amendment under the United States Constitution and state law in connection with the violent beating of Plaintiff LILY BEATRIZ CALDERON-HUEZO, who suffered serious injuries as a result of the unlawful use of force by Pleasanton Police Department Officer BRADLEY MIDDLETON and DOES 1-50.

## JURISDICTION

3.      This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 42 of the United States Code, Section 1331 and 1343 and 42 U.S.C. Section 12188(a). The unlawful acts and practices alleged herein occurred in Pleasanton, Alameda County, California, which is within the judicial district of this Court.  This Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. Section 1367.

## PARTIES

4.      Plaintiff LILY BEATRIZ CALDERON-HUEZO is a resident of California and a United States Citizen.

5.      Defendant CITY OF PLEASENTON ("CITY") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant City has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Pleasanton Police Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant City was the employer of Defendants ROY GAMEZ, BRADLEY MIDDLETON, and DOES 1-50, individually and in their official capacity as peace officers.

6.     Defendant ROY GAMEZ ("GAMEZ") was a Sergeant for the City of Pleasanton Police Department, located in the County of Alameda, and is sued individually and in his official capacity.

7.     Defendant BRADLEY MIDDLETON ("MIDDLETON") was an Officer for the City of Pleasanton Police Department, located in the County of Alameda, and is sued individually and in his official capacity.

8.     Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein.  Plaintiff will amend this Complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

9.     Plaintiff is required to comply with an administrative tort claim requirement under California law.  Plaintiff has exhausted all administrative remedies pursuant to California Government Code Section 910.

## FACTUAL ALLEGATIONS

10.     The incident took place on November 5, 2016.  The location of the incident was 830 Main Street, Pleasanton, California, in front of the Main Street Brewery.

11.     Plaintiff, Lily Calderon-Huezo, left the Main Street Brewery.  As Ms. Calderon-Huezo left, she had a heated discussion with her boyfriend.  Suddenly, a City of Pleasanton Police Department Officer yanked Plaintiff's arm from behind.  Ms. Calderon-Huezo reflexively pulled her arm back.  Then, Pleasanton Police Department Officer BRADLEY MIDDLETON violently tackled her.  Defendant MIDDLETON slammed Ms. Calderon-Huezo's face into the concrete.  Pleasanton

Police Department Sergeant, ROY GAMEZ, supervised MIDDLETON during MIDDLETON's attack on Plaintff.  It is worth noting that Ms. Calderon-Huezo is a petite woman at 5'5" and 118 pounds.

12.    As a result of this incident, Ms. Calderon-Huezo suffered a hemorrhage in her eye, two broken toes on her left foot, and a broken right foot.  Plaintiff had to wear a cast for nearly four months.  She was unable to drive.  Ms. Calderon-Huezo also lost wages.  Moreover, her medical bills related to the incident have gone into collections.

## DAMAGES

13.    As a consequence of Defendants' violations of Plaintiff's federal civil rights under 42 U.S.C. §1983, the Fourth and Fourteenth Amendment, Plaintiff was physically, mentally, and emotionally injured and damaged as a proximate result of the excessive force used against her.

14.    Plaintiff found it necessary to engage the services of private counsel to vindicate her rights under the law.  Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that she is the prevailing parties in this action under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.  Plaintiff is also entitled to punitive damages under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.

## FIRST CAUSE OF ACTION
**(Violation of the Fourth Amendment of the United States Constitution- Unlawful Detention)**
**(42 U.S.C. § 1983)**
**(Against Defendants MIDDLETON, GAMEZ and DOES 1-50)**

15.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 14 of this Complaint.

16.    Defendants' above-described conduct violated Plaintiff's right as provided for under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures because Defendants lacked the requisite reasonable suspicion to detain Plaintiff.  Ms.

Calderon-Huezo did not attempt to resist or flee the scene.  Defendant MIDDLETON yanked Plaintiff to the ground, causing injury to her eye, without provocation or warning.  Defendant GAMEZ supervised Defendant MIDDLETON.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
**(Violation of the Fourth Amendment of the United States Constitution- Unlawful Seizure)**
**(42 U.S.C. § 1983)**
**(Against Defendants MIDDLETON, GAMEZ, and DOES 1-50)**

17.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 16 of this Complaint.

18.     Defendants' above-described conduct violated Plaintiff's right as provided for under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures because Defendants lacked the requisite probable cause to arrest Plaintiff.  Ms. Calderon-Huezo did not commit a crime.  Plaintiff was approached and violently taken to the ground suddenly and without warning.  Defendant officers did not issue Ms. Calderon-Huezo any commands prior to Defendant MIDDLETON's use of force.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
**(Violation of the Fourth Amendment of the United States Constitution- Excessive Force)**
**(42 U.S.C. § 1983)**
**(Against Defendants MIDDLETON, GAMEZ, and DOES 1-50)**

19.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 18 of this Complaint.

20.     Defendants' above-described conduct constituted violations of Plaintiff's rights as provided for under the Fourth Amendment to the United States Constitution.  These rights include but are not limited to the right to be free from excessive force and/or the arbitrary and/or

unreasonable use of force against him.  Defendant MIDDLETON yanked Calderon-Huezo with his hands without provocation or justification.  He then threw the 5'5" and 118-pound Plaintiff on the ground face down.  Ms. Calderon-Huezo's face smashed against the concrete.  Defendant MIDDLETON's actions constitute excessive force.  Defendant GAMEZ supervised Defendant MIDDLETON.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
#### (*Monell* - 42 U.S.C. § 1983)
#### (Against Defendants CITY, GAMEZ and DOES 26-50)

21.  Plaintiff re-alleges and incorporates by reference paragraphs 1 through 20 of this Complaint.

22.  Plaintiff is informed and believes and thereon alleges that high-ranking City officials, including high-ranking police supervisors such as DOES 26 through 50, and/or each of them, knew and/or reasonably should have known about systemic, unwarranted uses of force by Defendants MIDDLETON, GAMEZ, DOES 1-50, and/or the City of Pleasanton Police Department.  For example, John Deming Junior was shot and killed as police responded to an alarm at a Pleasanton car dealership.  Deming was unarmed, was not the aggressor, and posed no threat.  *John Deming, Jr., et al. v. City of Pleasanton, et al.* U.S. Civil Court Records for the Northern District of California 3:16-cv-02964.

23.  Despite having such notice, Plaintiff is informed and believe and thereon allege that Defendant DOES 26-50, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers.

24.     Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants MIDDLETON, GAMEZ, and DOES 1-50, and/or each of them, the Pleasanton Police Department encouraged these officers to continue their course of misconduct and ignored these officers' lack of training, resulting in the violation of Calderon-Huezo's rights as alleged herein.

25.     Plaintiff further allege that Defendants CITY, MIDDLETON, GAMEZ, and DOES 1-50, and/or each of them, were on notice of the Constitutional defects in their training of City police officers, including, but not limited to unlawful arrests and detentions not based on probable cause.

26.     The aforementioned acts and/or omissions and/or deliberate indifference by  high ranking City officials, including high ranking Pleasanton Police Department supervisors, Defendants GAMEZ, and DOES 26-50, and each of them resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to the right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution, the right to not be deprived of life, liberty or property without due process of the law, as guaranteed by the Fourteenth Amendment to the United States Constitution and the right to be free from excessive force by law enforcement officers, as guaranteed by the Fourth Amendment to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
**(False Arrest/Imprisonment in Violation of CALIFORNIA CIVIL CODE §52.1)**
**(Against Defendants CITY, MIDDLETON, GAMEZ, and DOES 1-50)**

27.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 26 of this Complaint.

28.     Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with Plaintiff's peaceable exercise and enjoyment

of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

29.     As a direct and proximate result of Defendants' violation of Civil Code § 52.1, Plaintiff suffered violations of her constitutional rights, and suffered damages as set forth herein.

30.     Plaintiff is entitled to injunctive relief and an award of her reasonable attorney's fees pursuant to Civil Code § 52.1(h).

31.     Plaintiff is entitled to treble damages, but in no case less than $4,000.00 and an award of her reasonable attorney's fees pursuant to Civil Code § 52(a).

32.     Under the provisions of California Civil Code §52(b), Defendant is liable for punitive damages for each violation of Civil Code §52.1, reasonable attorney's fees and an additional $25,000.00.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SIXTHCAUSE OF ACTION
### (Negligence)
### (Against Defendants CITY, MIDDLETON, GAMEZ, and DOES 1-50)

33.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 32 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

34.     The present action is brought pursuant to section 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, Defendants CITY, MIDDLETON, GAMEZ, and DOES 1-50 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants MIDDLETON and GAMEZ and DOES 1-50 were acting within the course and scope of their employment and/or agency with Defendant City.  As such Defendant CITY is liable in

respondeat superior for the injuries caused by the acts and omissions of Defendants MIDDLETON and GAMEZ and DOES 1-50 pursuant to section 815.2 of the California Government Code.

35.     Defendant MIDDLETON owed a duty of care to Plaintiff.  Defendant MIDDLETON negligently and without due care yanked Ms. Calderon-Huezo with his hands without legal justification.  Defendant MIDDLETON knew, or should have known, that his actions would result in harm to Calderon-Huezo.  Plaintiff suffered serious injuries as a proximate and direct cause of Defendants' negligent conduct.

36.     The violent and needless beating of Ms. Calderon-Huezo occurred as a result of the absence of due care for the safety of others and constituted an unreasonable, unwarranted, and excessive use of force and manifested an unreasonable risk of injury to Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
### (Assault/Battery)
### (Against Defendants MIDDLETON, GAMEZ, and DOES 1-50)

37.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 36 of this Complaint.

38.     Defendant MIDDLETON intentionally yanked Ms. Calderon-Huezo with his hands and slammed her to the concrete without any just provocation or cause.  Defendant GAMEZ supervised Defendant MIDDLETON.  Defendants' conduct was neither privileged nor justified under state statute or common law.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## EIGHT CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
### (Against Defendants MIDDLETON, GAMEZ and DOES 1-50)

39.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38 of this Complaint.

40.     Defendant's above-described conduct was extreme, unreasonable and outrageous. Defendant MIDDLETON violently grabbed and yanked Plaintiff without provocation.  Defendant GAMEZ supervised Defendant MIDDLETON.  Defendants should have been aware that such conduct would cause emotional distress to Calderon-Huezo.

41.     In engaging in the above-described conduct, Defendants intentionally ignored or recklessly disregarded the foreseeable risk that Plaintiff would suffer extreme emotional distress as a result of Defendants' conduct.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

42.     Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1.     For general damages according to proof;

2.     For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3.     For punitive damages and exemplary damages in amounts to be determined according to proof as to defendants MIDDLETON, GAMEZ, and DOES 1 through 50, and/or each of them;

4.     For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

5.     For cost of suit herein incurred; and

6.      For injunctive relief enjoining Defendant from authorizing, allowing, or ratifying the practice by any police officer employee of Defendant from using excessive and unreasonable force against persons, pursuant to California Civil Code Section 52.1;

7.      For violation of California Civil Code Sections 52 and 52.1, statutory damages, and reasonable attorney's fees;

8.      For violation of California Civil Code Section 52(b), punitive damages against Defendant sheriffs/police, $25,000.00 for each offense and reasonable attorney's fees;

9.      For such other and further relief as the Court deems just and proper.


                                        **LAW OFFICES OF JOHN BURRIS**


Dated:  October 27, 2018                 /s/ *John L. Burris*
                                         John L. Burris
                                         Benjamin Nisenbaum
                                         James Cook
                                         Attorneys for Plaintiff